**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-5060**

───────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

DAQUAN LAMEL DONALDSON,

                                        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (5:04-cr-00057)

───────────

Submitted:  May 25, 2007            Decided:  June 18, 2007

───────────

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Samuel B. Winthrop, WINTHROP AND WINTHROP, Statesville, North
Carolina, for Appellant. Robert John Gleason, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daquan Lamel Donaldson appeals from his sentence imposed following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The presentence investigation report ("PSR") recommended that Donaldson's base offense level be increased pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(c)(1) (2005). Section 2K2.1(c)(1) cross-referenced to USSG § 2X1.1, which increased Donaldson's base offense level for his use of the firearm in a robbery. The district court adopted the findings of the PSR, denied Donaldson's motion for a variance, and sentenced Donaldson to 120 months' imprisonment. Donaldson's counsel filed a brief pursuant to Anders v. California, 286 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but suggesting that the district court erred in sentencing Donaldson. Donaldson was apprised of his right to file a pro se supplemental brief but elected not to do so.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424,

- 2 -

432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

On appeal, counsel first questions the propriety of the district court's decision to cross-reference the robbery charge in determining Donaldson's advisory guideline range. The cross-reference found at USSG § 2K2.1(c) directs the application of USSG § 2X1.1, if the defendant used or possessed the firearm in connection with another offense. As Donaldson used a firearm in the commission of a robbery, the district court correctly concluded that the cross-reference applied. Accordingly, the district court properly applied the sentencing guidelines.

Next, counsel questions whether the district court erred in denying Donaldson's motion for a variance. Donaldson's sentence was at the bottom of the 120-150 month advisory guideline range and within the ten year statutory maximum. Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable. See United States v. Green, 436 F.3d 449 (4th Cir.) (holding that a sentence

within the properly calculated guidelines range is presumptively reasonable), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>